**Order filed October 28, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00194-CV

_____

## IN THE MATTER OF THE ESTATE OF ESTHER ABELL DENTON, DECEASED

**On Appeal from the County Court**
**Midland County, Texas**
**Trial Court Cause No. P14779**

### O R D E R

Douglas A. Denton, Appellant, filed a notice of appeal indicating that he wishes to appeal various rulings by the trial court related to two orders: (1) Order Granting Motion for Declaratory Judgment, Closing Estate and Discharging Administrator, which was signed on May 7, 2021, and (2) Order to Pay Attorney's Fees and Expenses, which was signed on May 26, 2021. Each of these orders appears to be an appealable order. Appellant timely filed a motion for reconsideration in the trial court. *See* TEX. R. CIV. P. 329b. However, Appellant did not file his notice of appeal until August 27, 2021.

In his notice of appeal, Appellant states that he wishes to appeal the trial court's failure or refusal to rule on (1) Appellant's motion for reconsideration, (2) Appellant's amended motion for reconsideration, (3) Appellant's objection to the May 7 order, and (4) Appellant's objection to the May 26 order. The trial court's failure or refusal to rule on these motions and objections does not have an effect on the timeliness of Appellant's notice of appeal because, unless specifically authorized by statute, appeals may be taken only from final judgments. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial court's rulings, or lack thereof, on Appellant's motions and objections are not independently appealable because they do not constitute final judgments.

With respect to the trial court's May 7 order, the notice of appeal was due to be filed on or before August 5, 2021, ninety days after the date that the trial court signed the order. *See* TEX. R. APP. P. 26.1(a). Because Appellant's notice of appeal was not filed on or before August 5 or within the fifteen-day period permitted by the rules for an extension, *see* TEX. R. APP. P. 26.3, we do not have jurisdiction over Appellant's attempted appeal from the May 7 order. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that, once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2.

With respect to the trial court's May 26 order, the notice of appeal was due to be filed on or before August 24, 2021, ninety days after the date that the trial court signed the order. *See* TEX. R. APP. P. 26.1(a). Although Appellant's notice of appeal

was not filed on or before August 24, it was filed within the fifteen-day period permitted by the rules for an extension. *See* TEX. R. APP. P. 26.3. Therefore, insofar as it relates to the May 26 order, Appellant's notice of appeal shall be treated as an implied motion for extension of time to file the notice of appeal. *See Verburgt*, 959 S.W.2d at 617. Appellant must, however, provide this court with a reasonable explanation for the untimeliness of the notice of appeal, i.e., "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (alteration in original) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)); *see also* TEX. R. APP. P. 10.5(b)(1)(C). We note that, absent deliberate or intentional conduct on the part of the appellant, a court of appeals should ordinarily accept the appellant's explanations as reasonable. *Hone*, 104 S.W.3d at 887. We also note, however, that absent a reasonable explanation, this appeal must be dismissed for want of jurisdiction.

For the reasons explained above, this appeal may be continued only as to the trial court's May 26, 2021 Order to Pay Attorney's Fees and Expenses and, even so, *only if* Appellant provides this court with a reasonable explanation for the untimeliness of his notice of appeal. Appellant is directed to file in this court a written explanation on or before November 15, 2021.

It is so ordered.

PER CURIAM

October 28, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.